## In re HEYN.

### No. 20402.

District Court, W. D. Pennsylvania.

Feb. 4, 1942.

See, also, Alropa Corporation v. Heyn, D.C., 30 F.Supp. 668.

Thorp, Bostwick, Reed & Armstrong, of Pittsburgh, Pa., for Gertrude H. Heyn and another.

Sigmund Steinberg and Blanc & Steinberg, all of Philadelphia, Pa., and Wm. S. Doty and Doty & Thornton, all of Pittsburgh, Pa., for petitioner.

SCHOONMAKER, District Judge.

This matter comes before the court to review two orders of Referee J. G. Carroll, (1) Order of the Referee refusing the

petition of a judgment-creditor of bankrupt to foreclose the lien of its judgment against bankrupt on real estate alleged to belong to bankrupt, but claimed to be owned by Gertrude H. Heyn, wife of Roman Heyn; and (2) Order permitting the Heyns to intervene in the bankruptcy proceeding to oppose the petition of the Alropa Corporation.

The facts of the case are these:

April 8, 1938, Alropa Corporation recovered a judgment in this court at No. 8912 Law against Leo L. Heyn in the sum of $206,515.91. November 4, 1938, Leo L. Heyn was adjudged a bankrupt by this court on his voluntary petition filed herein on November 4, 1938.

February 10, 1931, Leo L. Heyn, who then owned an undivided one-half interest in real estate located in Fayette County, Pennsylvania, known as the "Summit Hotel Property," conveyed this interest, by deed recorded in Fayette County Recorder's Office in Deed Book 508, page 383, to Emma Carroll. Subsequently, said Emma Carroll conveyed said property to Gertrude H. Heyn, wife of Roman Heyn.

August 22, 1939, Alropa Corporation filed an action in this court at No. 489 Civil Action, against Leo L. Heyn and Emma Carroll, asking that the conveyance to Emma Carroll be declared void, and that the judgment of the Alropa Corporation be declared a lien on said property.

March 13, 1940, by order of this court, Gertrude H. Heyn and her husband, Roman Heyn, were added as parties defendant. Then, on March 15, 1940, Alropa Corporation filed an amended complaint, asking that the conveyance from Leo H. Heyn to Emma Carroll, and the conveyance from Emma Carroll, be declared void, and that the Alropa Corporation's judgment be declared a lien on said property. The defendants have filed answers in said action, which is now at issue.

March 31, 1941, Alropa Corporation filed its petition with the Referee in the bankruptcy case, in which it asked leave to enforce its judgment-lien against the said property conveyed by Leo L. Heyn prior to bankruptcy, by proceeding with the equity action which it had instituted in the United States District Court for the Western District of Pennsylvania to set aside the conveyance from Leo L. Heyn to Emma Carroll. Gertrude H. Heyn and Roman Heyn, her husband, the present holders of the legal title to the "Summit Hotel Property," asked leave to intervene in the bankruptcy case and to oppose the petition of the Alropa Corporation. The Referee granted the petition to intervene, and held that the "Summit Hotel Property" does not belong to bankrupt; that Alropa Corporation has no such lien as would warrant making the order prayed for; that there is no legal evidence to the effect there is no equity in the property for general creditors; that petitioner had submitted itself to the jurisdiction of the bankruptcy court, and therefore has no right to have its judgment foreclosed in any other than the bankruptcy court.

■■ In our opinion, the Referee went further in his rulings in this case than was necessary or required in the determination of the petition of the Alropa Corporation. All that was required of him was to rule on the application of the Alropa Corporation to continue its plenary suit in this court brought for the purpose of determining whether its judgment was a valid lien on the interest of bankrupt in the "Summit Hotel Property." Instead, he has gone into the merits of the controversy and determined that the bankrupt did not own the "Summit Hotel Property," and that petitioner had no valid lien against it. This was error. He should have determined only whether the Alropa Corporation should be permitted to proceed with its suit. In our opinion, consent to prosecute that suit should have been given. If Alropa Corporation is successful in the pending suit, the property will then be subject to administration in the bankruptcy court which may then be called upon to determine the question of whether or not there is any equity in the property beyond the judgment of the Alropa Corporation. That question could not be properly raised and decided until it is first decided whether that property belonged to the bankrupt at the time the petition was filed.

The order of the Referee will be revoked and an order made permitting the Alropa Corporation to continue the suit at No. 489 Civil Action. If the Trustee in Bankruptcy desires to intervene and become a party to that suit, permission will be granted to that end.

■ As to the certificate to review the order of the Referee permitting the claimants of the land in controversy to intervene in, and oppose, the petition of the

Alropa Corporation, we are of the opinion the Referee correctly gave them permission to intervene and to be heard. The order to that effect will be confirmed and approved.

Orders in accordance with this opinion may be submitted on notice to opposing counsel.